

**FILED**
APR 21 2025
Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

25 CV - 196 SEH - JFJ



Monique Y. Howard
5711 East 72nd Place
Tulsa, Oklahoma 74136
(Phone Number)

Plaintiff,

v.



Ascension St. John
1923 South Utica Avenue
Tulsa, Oklahoma 74104

Defendant.

Case No. 564-2024-00074

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION
(Title VII, Age Discrimination, Retaliation, and Wrongful Termination)

COMES NOW, Plaintiff Monique Y. Howard, appearing pro se, and for her Complaint against Defendant Ascension St. John, alleges and states as follows:

### I. JURISDICTION AND VENUE

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Age Discrimination in Employment Act (ADEA), for unlawful discrimination, retaliation, and wrongful termination.
2. Venue is proper in the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391, as the events giving rise to the claims occurred in Tulsa, Oklahoma, and Defendant is located within this District.
3. Plaintiff has exhausted all administrative remedies. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue, a copy of which is attached hereto as Exhibit A.


fees paid
∅ summons

## II. PARTIES

4. Plaintiff, Monique Y. Howard, is an African American female over the age of 40, residing at 5711 East 72nd Place, Tulsa, Oklahoma 74136.
5. Defendant, Ascension St. John, is an employer within the meaning of 42 U.S.C. § 2000e(b), and operates a medical facility at 1923 South Utica Avenue, Tulsa, Oklahoma 74104.

## III. FACTUAL ALLEGATIONS

6. Plaintiff began her employment with Defendant on April 17, 2023, as a Registered Nurse (RN).
7. Plaintiff received inadequate training and was treated unfairly compared to her colleagues.
8. Plaintiff was subjected to a hostile work environment, disparate treatment, and micromanagement, especially after transferring to the 6th floor under the supervision of Annie Merciez, RN.
9. Plaintiff was the only African American RN on her unit and faced repeated exclusion, targeted criticism, and lack of support from management.
10. Plaintiff's complaints to Annie Merciez, RN, and Mark Amagna, RN, about discriminatory treatment and lack of training were ignored, and her situation worsened.
11. Plaintiff endured racially insensitive comments from coworkers and physicians, such as Dr. Flynn questioning her education and license.
12. Plaintiff was placed on a Performance Improvement Plan following an incident with a scrub tech, while the offending party faced no consequences.
13. Despite positive performance feedback from peers like Sarah Jones, RN, Plaintiff continued to be targeted with increasingly complex tasks and unrealistic expectations.
14. Plaintiff was terminated on December 5, 2023, following a minor incident involving a return to her car. This alleged 'time clock fraud' was used as pretext for her termination.
15. Plaintiff was replaced by a younger white female, reinforcing her claims of discrimination and age bias.
16. Defendant failed to provide evidence to the Oklahoma Employment Security Commission to justify Plaintiff's termination, and Plaintiff was awarded unemployment benefits without finding misconduct.
17. Plaintiff has suffered mental and emotional distress, including anxiety, depression, and has required medical treatment.

## IV. CAUSES OF ACTION

- Count I: Racial Discrimination (Title VII – 42 U.S.C. § 2000e et seq.)

Plaintiff was treated less favorably than similarly situated non-African American employees due to her race.

- Count II: Retaliation (Title VII)

Plaintiff reported discriminatory practices and hostile working conditions and was terminated in retaliation for engaging in protected activity.

- Count III: Age Discrimination (ADEA)

Plaintiff, who was 48 at the time of her employment, was subjected to discriminatory remarks and replaced by a younger employee.

- Count IV: Hostile Work Environment

Plaintiff was exposed to ongoing harassment, lack of training, exclusion, and intimidation, which created a hostile work environment.

- Count V: Wrongful Termination

Plaintiff was terminated on a pretextual basis, following protected complaints and despite satisfactory performance, in violation of federal law.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

18. Judgment against Defendant for $300,000 in compensatory damages for emotional distress, pain and suffering, and defamation.
19. Forward pay and lost wages.
20. An order requiring Defendant to provide workplace training on racial sensitivity and proper onboarding procedures.
21. Reinstatement or front pay in lieu of reinstatement, if appropriate.
22. Costs of this action and such other and further relief as this Court may deem and proper.

Respectfully submitted,

*Monique Y. Howard*

Monique Y. Howard
5711 East 72nd Place
Tulsa, Oklahoma 74136
(Phone Number) 918-438-9031

Date: April 21, 2025



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Oklahoma City Area Office
215 Dean A McGee Avenue, Suite 524
Oklahoma City, OK 73102
(405) 666-0360
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/21/2025

**To:** Monique Y. Howard
5711 E. 72nd Place
Tulsa, OK 74136
Charge No: 564-2024-00074

EEOC Representative and email:    Dennis Peton
Investigator
dennis.peton@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 564-2024-00074.

On behalf of the Commission,

Digitally Signed By: Holly Waldron Cole
01/21/2025
Holly Waldron Cole
Area Office Director

Cc:
Amy Inman
amy.inman@ascension.org

Elise McKelvey
Ascension St. John Medical Center c/o Littler Mendelson, P.C.
2301 MCGEE ST STE 800
Kansas City, MO 64108

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 564-2024-00074 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 564-2024-00074 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.