IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MONIQUE Y. HOWARD,

        Plaintiff,

v.

ASCENSION ST. JOHN'S
MEDICAL CENTER,

        Defendant.

Case No. 25-CV-00196-SEH-JFJ

## OPINION AND ORDER

Before the Court is Plaintiff Monique Howard's motion for leave to file a second amended complaint [ECF No. 23] and her motion for jury trial [ECF No. 28], which are each fully briefed. Having thoroughly considered the briefs and relevant law, the Court grants the motions.

### I. Background

Howard, appearing *pro se*, brought this employment discrimination action in April 2025 and amended her complaint once as a matter of right. [ECF Nos. 1, 4]. On May 6, 2025, Howard served the first amended complaint upon Defendant St. John Medical Center ("St. John"). [ECF No. 7]. On May 29, Howard filed a second amended complaint. [ECF No. 15]. The Court struck the filing because it failed to comply with Fed. R. Civ. P. 15(a), which allows only one amendment of a pleading as a matter of course, and no later than 21

days after serving it. [ECF No. 16]. Howard moved to amend the complaint in June 2025, but this filing was also stricken upon a failure to confer, as required by the Court's first chamber rule. [ECF Nos. 20, 21]. On July 8, 2025, Howard moved to amend the complaint again. [ECF No. 23]. She designated a proposed second amended complaint as "Exhibit 1." [*Id*. at 5–19].

On August 1, 2025, Howard moved for a jury trial, pursuant to Fed. R. Civ. P. 39(b). [ECF No. 28]. She explained "she inadvertently omitted a jury demand while proceeding pro se," and "corrected the oversight promptly in her proposed Second Amended Complaint." [*Id*. at 1–2].

St. John opposes both motions, arguing that amendment would be futile because Howard attempts to add claims that are either time-barred or are outside the scope of her EEOC Charge of Discrimination. [ECF No. 27]. As to her motion for jury trial, St. John contends Howard's demand is untimely and waived under Fed. R. Civ. P. 38. [ECF No. 27 at 7–8; ECF No. 31].

## II.  Discussion

### A. *Howard is granted leave to file the proposed second amended complaint.*

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a pleading where "justice so requires." Rule 15(a)(2) aims to provide litigants "the maximum opportunity for each

2

claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

The Court grants Howard leave to amend her complaint. The Court notes differences between the first amended complaint and the proposed second amended complaint but finds that the differences clarify Howard's employment-related claims, as opposed to raising new claims. For instance, the second amended complaint adds factual allegations involving the period between the date Howard was hired, April 17, 2023, and August 20, 2023. [ECF No. 23 at ¶ 7]. Although St John argues this amendment is futile because Howard cannot recover for alleged conduct occurring in April 2023, as it "is beyond the 300-day timeliness window of her EEOC Charge," the complaint styles these allegations as "pretext," or background information, as opposed to additional claims. [ECF No. 23 at 9, ¶ 7].

The proposed second amended complaint also provides greater detail about Howard's claims without changing their nature. For example, the

3

proposed second amended complaint provides August 20, 2023 for the allegations against Annie Merciez. [*Compare* ECF No. 23 at 9, ¶ 8 *with* ECF No. 4 at ¶ 8]. The proposed second amended complaint also provides greater detail about Howard's allegations of age discrimination. [ECF No. 23 at 10, ¶ 10]. The alleged eye infection incident in the proposed second amended complaint expounds on the complaint's allegation of "racially insensitive comments from coworkers and physicians." [*Compare* ECF No. 23 at 11, ¶ 13 *with* ECF No. 4 at 2, ¶11]. And the proposed second amended complaint further explains allegations that Howard "was targeted with increasingly complex tasks and unrealistic expectations." [*Compare* ECF No. 23 at 12, ¶ 16 *with* ECF No. 4 at 2, ¶13].

Moreover, the parties' joint status report acknowledges that allegations of the proposed second amended complaint "clarify and expand upon" allegations in the first amended complaint and fall within the scope of Howard's EEOC charge.[1] [ECF No. 25]. At this stage, the Court does not

---

[1] Howard's EEOC Charge expressly states:

> I believe that I have been discriminated against because of my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended and retaliation due to my complaints. I also believe that I have been discriminated against because of my age (49) in violation of the Age Discrimination in Employment Act of 1967 and in retaliation due to my complaints.

[ECF No. 27-1 at 3].

4

consider Howard's proposed amendment to be futile or otherwise against the interests of justice. Therefore, the Court will permit Howard to amend her complaint, as proposed, within 10 days of this order.

### B. Howard's claims will be tried to a jury.

The Court also does not find any strong or compelling reason to deny Howard's motion for a jury trial. Under Fed. R. Civ. P. 38(b), a party demanding a jury trial must serve a written demand to the other parties within 14 days after the last pleading directed to the issue is served. "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); *see also Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992) ("A party waives the right to a jury trial when he fails to make a timely demand under Rule 38(b)."). But "the court may, on motion, order a jury trial on any issues for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

"The constitutional right to a jury trial under the Seventh Amendment is a fundamental right and 'the federal policy favoring jury trials is of historic and continuing strength.'" *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965) (quoting *Simler v. Conner*, 372 U.S. 221, 222 (1963)). Therefore, a district court should grant a party's request for jury trial unless there are "strong and compelling reasons to the contrary." *AMF Tuboscope, Inc.*, 352 F.2d at 155 (quotation omitted); *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).

St. John argues the Court should deny Howard's motion for jury trial because "her inadvertence or change of strategy does not provide good cause to excuse [her] waiver." [ECF No. 31 at 1]. Howard concedes that "she inadvertently omitted a jury demand while proceeding pro se[.]" [ECF No. 28 at 1]. The Tenth Circuit held in *Nissan Motor Corp. in U.S.A.* that "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely demand results from nothing more than mere inadvertence of the moving party." 982 F.2d at 409. However, *Nissan* first recognized its "guiding principle" that "absent strong and compelling reasons to the contrary," motions for jury trials should be granted. *Id*. In *Nissan*, where Rule 39(b) relief was denied, the parties failed to request a jury at the outset of the case. *Id*. After more than two years had passed, a party filed a jury demand through an amended complaint. *Id*. These are not the circumstances here.

Many courts have granted a party's request for a jury trial when the party failed to make a jury demand under Rule 38(b) because of inadvertence. *Campbell County Hospital District v. Express Scripts, Inc.*, No. 18-CV-114-SWS, 2018 WL 11455376, at *4–5 (D. Wy. Sept. 28, 2018) (granting motion for jury trial when moving party failed to provide an excuse or explanation for its failure to timely demand a jury trial but request was made early in proceedings); *Continental Cas. Co. v. Multiservice Corp.*, No. 06–2256–CMM,

2007 WL 3379701, at *1–2 (D. Kan. June 11, 2007) (granting motion for jury trial when moving party's excuse was inadvertence, but the request was made shortly after pleadings were filed and there was no showing of prejudice or bad faith); *Blanks v. Hypower, Inc.*, No. 12-440 JCH/ACT, 2012 WL 13076177, at *3 (D. N.M. Sep. 17, 2012) (granting request for a jury trial where the moving party failed to make a demand because of inadvertence, but the request was made one month after the moving party should have demanded a jury trial, the moving party thought he previously demanded a jury trial, and there was no showing of prejudice). The Court is not inclined to deny Howard's request on the basis inadvertence alone.

Nor do the facts of this case show Howard's request should be denied based on a change of strategy or undue delay. *See In Cordero v. Froats*, No. 13-031 JCH/GBW, 2016 WL 7437133, at *3 (D. N.M. Oct. 19, 2016) (denial of request when it came three and a half years after the complaint was filed and shortly before trial, which the district court found, "smack[ed] of strategic gamesmanship"); *School-Link Technologies, Inc. v. Applied Resources, Inc.*, 471 F.Supp.2d 1101, 1120 (D. Kan. 2007) (motion was made more than eighteen months after initial pleadings were filed); *West Ridge Group, LLC v. First Trust Co. of Onaga*, 414 F. App'x 112, 115–17 (10th Cir. 2011) (motion was a result of a changed litigation strategy and the moving party previously consented to a bench trial); *Dill v. City of Edmund*, 155 F.3d 1193, 1208 (10th

7

Cir. 1998), *abrogated in part on other grounds by Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001) (motion made almost a year and a half after the original complaint was filed and the moving party provided no excuse for its delay).

Here, Howard's request was made shortly after she could have made a timely demand for a jury trial. She filed her motion approximately two months after the first amended complaint, and not even one month from when St. John filed its answer. Moreover, the motion was filed in the initial stages of the proceedings, before the parties initiated discovery, and before the pretrial conference. These facts, taken together, fail to show Howard's motivation to seek a jury trial is premised on a change in her litigation strategy or by a desire to cause undue delay.

The Court concludes there are no strong and compelling reasons to deny Howard's motion for a jury trial. St. John fails to demonstrate sufficient facts that warrant the Court denying Howard's request. Considering the federal policy favoring jury trials and the fact that there is no evidence of prejudice to St. John, bad faith on the part of Howard, or undue delay in filing the motion, the Court concludes there is no strong and compelling reason for the Court to deny Howard's motion for jury trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint [ECF No. 23] is GRANTED. Plaintiff shall file

her Second Amended Complaint, as proposed, **within ten (10) days** of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Jury Trial [ECF No. 28] is GRANTED. All issues in this action shall be tried to a jury.

DATED this 3rd day of February, 2026.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE